Daniel E. Garrison (Bar No. 021495)
James L. Ugalde (Bar No. 022733)
**LAW OFFICES OF DANIEL E. GARRISON, PLLC**
7114 East Stetson Drive, Suite 300
Scottsdale, Arizona 85251
Phone: (480) 421-9449
Fax: (480) 522-1515
Email: dan@andantelaw.com
Email: jim@andantelaw.com

*Attorneys for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In Re: | Chapter 11 |
|---|---|
| BBZ RESOURCE MANAGEMENT, INC., a Wyoming corporation, | Case No. 2:09-bk-14825-CGC |
| Debtor. | |

**MOTION FOR ORDER:
(A) AUTHORIZING THE DEBTOR TO PAY UNPAID PREPETITION WAGES, SALARIES, AND EMPLOYEE BENEFITS; AND
(B) DIRECTING ALL BANKS TO HONOR PREPETITION CHECKS
<u>FOR PAYMENT OF SUCH PREPETITION CLAIMS</u>**

BBZ Resource Management, Inc. ("BBZ"), debtor and debtor-in-possession in the above-captioned proceedings, submit this Motion, requesting the Court to enter an Order: (a) authorizing the debtor to pay unpaid prepetition wages, salaries, and employee benefits; and (b) directing all banks to honor prepetition checks for payment of such prepetition claims (the "Motion"). A request for an expedited hearing on this matter has been filed in conjunction with this Motion because payments to employees were due to be disbursed on the evening of July 10, 2009. As such, it is essential that this matter come before the Court no later than that date. Because this matter is already before the Court, BBZ also requests that the Court also authorize the payment of prepetition earnings related to this second payroll run. The payment of employees requested herein

is essential to the business operations of BBZ, as it is necessary to maintain employee morale and because a failure to make payroll on time would likely result in the loss of employees as well as a severe hardship to those employees. There are no cash collateral issues in this case since there are no creditors who hold a deed of trust. This Motion is supported by the Declaration of Troy Warren in Support of Chapter 11 Petition and First Day Motions (the "Warren Declaration"), and the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

The factual and procedural background pertinent to this motion may be summarized as follows:

1. On June 29, 2009, BBZ Resource Management ("BBZ") filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. BBZ is operating its business and managing its assets as a debtor-in-possession in accordance with 11 U.S.C. §§ 1107 and 1108.

3. BBZ is a Wyoming corporation, with its principal place of business in Mesa, Arizona.

4. BBZ recently laid off most of the employees that it had added to accommodate the increasing demand for its rebate certificate program, and the data that it was and would be generating. BBZ nonetheless has a spartan crew of remaining employees whose last pay period straddled the petition date. The overall amount of the company's prepetition payroll obligations is approximately $14,045.67, and no employee's share of that total approaches, let alone exceeds, the priority cap of $10,000.

### II. RELIEF REQUESTED

By this Motion, BBZ requests that this Court enter an Order pursuant to Sections 105(a) and 507(a)(3) and 507(a)(4) of the Bankruptcy Code, authorizing BBZ to pay or otherwise honor various employee-related prepetition obligations of BBZ to or for the benefit of currently active and former employees (collectively, the "Employees") by issuing payroll on July 10, 2009, and July 24,

2009, as would be the normal procedure for BBZ. All these payments are ordinary payments of wages and do not contain any extraordinary or atypical payments to employees.

For the reasons set forth herein, BBZ respectfully submits that it is in the best interests of the bankruptcy estate for this Court to authorize BBZ to make such payments and honor obligations owed to or for the benefit of the Employees. These obligations include, without limitation: (a) unpaid prepetition wages, fees, salaries, bonuses, commissions, holiday and vacation pay, and sick leave pay earned prior to the petition date; (b) workers' compensation claims arising before the petition date; (c) reimbursable business expenses incurred before the petition date; and (d) employee benefit claims arising before the petition date (including, without limitation, medical, dental, and vision claims under department care programs, life insurance, accidental death and dismemberment insurance, disability insurance, pension benefits, savings plans, 401(K) Plans, claims for payroll and withholding taxes, payments pursuant to garnishment orders, and miscellaneous other benefits.

BBZ also seeks authority to pay any and all local, state, and federal withholding and payroll taxes relating to the prepetition periods including, but not limited to, all withholding taxes, Social Security taxes and Medicare taxes. *See City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92 (3rd Cir. 1994) (state law requiring debtor to withhold city income taxes from its employees' wages create a trust relationship between debtor and the city for payment of withheld taxes).

**II. LEGAL ARGUMENTS**

Sections 507(a)(3) and 507(a)(4) of the Bankruptcy Code give priority up to $10,950 per individual for prepetition claims for wages, salaries, vacation, and sick leave, and claims for contribution to Employee Benefit plans. BBZ estimates that most of the prepetition employment obligations are entitled to priority under Sections 507(a)(3) and 507(a)(4) and all Employees are owed less than $10,950. BBZ estimates that under any ultimately confirmed plan of reorganization, priority claims under Section 507(a) will be paid in full and in cash on the effective date of such plan.

Under Section 105(a) of the Bankruptcy Code, this Court should authorize BBZ to pay the

prepetition employee obligations in full. Section 105(a) provides that "the court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

Under the "necessity of payment" rule, first enunciated by the Supreme Court in *Miltenberger v. Logansport, C. & S.W.R. Co.*, 106 U.S. 286 (1882), a bankruptcy court may use its § 105 equitable powers to permit a debtor-in-possession to pay prepetition claims when payment is necessary to effectuate a successful reorganization. *See In re Lehigh & New England Ry. Co.*, 657 F.2d 570,581 (3rd Cir. 1981) (necessity of payment doctrine "teaches no more than, if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during the reorganization, payment may be authorized even if it is made out of corpus").

The continued service and dedication of the Employees is critical to the Debtor. For instance, in *In re Ionosphere Clubs, Inc.*, 98 B.R. 174 (Bankr. S.D.N.Y. 1989), the court permitted Eastern Air Lines, Inc. ("EAL") to pay current employees' prebankruptcy wages, salaries, medical benefits, and business expense claims, relying on § 105(a) to effectuate a restructuring of EAL's finances to provide jobs for its employees. *Id.* at 177 (citing H.R. Rep. No. 95-595 at 16 (1997)).

Other courts also have permitted debtors-in-possession to pay prepetition wage, salary, expense and benefit claims if payment of such claims was necessary to effectuate a successful reorganization. *See In re Gulf Air, Inc.*, 112 B.R. 152 (Bankr. W.D.La. 1989) (authorizing debtor-in-possession to pay prepetition employee wages and benefits, and health, life, and workers' compensation insurance premiums); *In re Chateaugay Corp.*, 80 B.R. 279 (S.D.N.Y. 1987) (affirming order authorizing debtor to pay certain prepetition wages, salaries, employee reimbursement expenses, and benefits, including payment on workers' compensation claims).

Likewise, courts in this District have invoked their Section 105(a) equitable powers on numerous occasions to authorize the payment of prepetition employee claims when, as in this case, non- payment or delay would damage a company's business or ability to reorganize. *See In re McCulloch Corporation*, No. 99-0074-TUC-JMM (Bankr. D.Ariz. January 11, 1999); *In re Unison Healthcare Corporation*, No. 98-06583-PHX-GBN (D.Ariz. September 5, 1998).

The relief requested in this Motion is necessary and should be authorized under Section 105

of the Bankruptcy Code. The Employees are vital to the continued operation of BBZ's business and to its successful reorganization. Authorization to pay the prepetition Employee obligations is necessary to maintain the Employees' morale and to prevent many of them from suffering extreme personal hardship or seeking other employment. Accordingly, the relief sought herein is consistent with Sections 105(a) and 507(a) of the Bankruptcy Code.

Moreover, BBZ's payment of the prepetition Employee obligations to Employees in the ordinary course of business should neither prejudice general unsecured creditors nor materially affect BBZ's estate because Sections 507(a)(3) and (a)(4) priority claims would already be entitled to payment in full under a reorganization plan. *See* 11 U.S.C. § 1129(a)(9)(B).

BBZ seeks to pay the prepetition Employee obligations and to continue post-petition the Employee Benefits and programs in effect immediately prior to the Petition Date. Such action, if authorized, however, should not be deemed to be an assumption or adoption of any agreement or policy providing such coverage.

WHEREFORE, Debtor respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just and proper.

Dated: July 10, 2009.

                                              LAW OFFICES OF DANIEL E. GARRISON, PLLC

                                              */s/ Daniel E. Garrison (021495)*
                                              Daniel E. Garrison
                                              James L. Ugalde
                                              7114 East Stetson Drive, Suite 300
                                              Scottsdale, Arizona 85251
                                              *Attorneys for Debtor*

COPY of the foregoing mailed or served
via (fax* or electronic notification** if so marked)
this 10th day of July, 2009 to:

Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706

By: */s/ Bozena Curry*