Scott J. Richardson (006142)
Jonathan P. Ibsen (023284)
**JABURG & WILK, P.C.**
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
sjr@jaburgwilk.com
jpi@jaburgwilk.com
(602) 248-1000

Attorneys for Kids-Idz, Inc.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| BBZ RESOURCE MANAGEMENT, INC., DEBTOR | Chapter 11<br><br>Case No. 2:09-bk-14825-CGC<br><br>**JOINDER IN UNITED STATES TRUSTEE'S OBJECTION TO PETITION FOR AUTHORITY TO RETAIN COUNSEL FOR THE DEBTOR** |

Kidz-Idz, Inc. ("Kidz"), through counsel, hereby joins in the United States Trustee's *Motion to Convert or to Appoint a Chapter 11 Trustee* (DE 77)(the "Motion"). Additionally, Kidz requests that any appointment of a trustee be subject to an election under either 11 U.S.C. § 702 or 11 U.S.C. § 1104 (b).

Kidz-Idz, Inc. reserves the right to participate in any hearings on the Motion.

## I. INTRODUCTION.

In addition to the basis set forth in the Motion, this Court must either convert this Bankruptcy Case or appoint a Trustee because the Pre-Petition "sale" of the Debtor's data mining business to Purchase Behavior Data, LLC ("PBD") constitutes gross mismanagement and diminution of Estate Assets, and provides a basis to conclude that the Petition was filed in bad faith.

In fact, this Court itself noted in its Order Re Retention of Counsel (DE #70 ) that:

> While at this point no facts have been adduced to establish that the transaction was either constructively or actually fraudulent, it is beyond dispute that its bona fides must be investigated impartially, vigorously and immediately.

## II. CAUSE EXISTS TO CONVERT THIS CASE OR TO APPOINT A CHAPTER 11 TRUSTEE.

11 U.S.C. § 1112(b) provides, in relevant part, that:

> The court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

Section 1112 provides a non-exclusive list of factors constituting "cause", however, the Court is not limited to the statutorily enumerated grounds and "may consider other factors as they arise and use its powers to reach appropriate results in individual cases." *In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir. 1990).

Here, the eve of Bankruptcy transfer of virtually all of the Debtor's functioning assets clearly falls within the enumerated factors of 11 U.S.C. § 1112(A) & (B), and constitute a substantial loss, diminution and gross mismanagement of the Estate's Assets.[1]

Additionally, while Section 1112(b) does not explicitly require that cases be filed in good faith, courts have overwhelmingly held that a lack of good faith in filing a chapter 11 petition establishes cause under Section 1112(b). *In re Marsch,* 36 F.3d 825, 828 (9th Cir. 1994).

In determining whether such filing was made in bad faith, a court must look to the "totality of the circumstances." Id. (citing, In re Goeb, 675 F.2d 1386, 1391 (9th Cir. 1982)). To determine good faith in such a context, the Ninth Circuit has adopted a "multi-factor, case-by-case approach to the good faith inquiry." In re Villanueva, 274 B.R. 836,

---

[1] This same conduct also clearly falls within the basis for the appointment of a Trustee under 11 U.S.C. § 1104.

2

841 (9th Cir. B.A.P. 2002) Id. (citing, In re Goeb, 675 F.2d 1386, 1390 (9th Cir. 1982); In re Warren, 89 B.R. 87 (9th Cir. B.A.P. 1988)).

Here, the totality of the facts in the record to date militate towards concluding that this case was not filed in good faith. In essence, after Kidz commenced a Pre-Petition State Court action against the Debtor, the Debtor transferred all of its assets and commenced this Case. This conduct does not comport with Chapter 11's goals of providing a reorganization process for the benefit of the Debtor's Estate.

Based on Debtor's conduct, the best interests of Creditors would be served by the by having a Trustee in place – whether it be pursuant to Chapter 7 or Chapter 11.

### III. A TRUSTEE ELECTION IS WARRANTED IN THIS CASE.

Regardless of whether this Court determines that a Trustee will be in place under either Chapter 7 or 11, the complexity of the forensic accounting necessary to properly research and marshal the Debtors' assets, including the investigation of the Pre-Petition transfer, warrant a specialized skill set. The Estate and its creditors would best be served by the appointment of a Trustee with the requisite skills to efficiently and economically carry out those duties.

Accordingly, Kidz requests that the appointment of any Trustee be subject to an election under either 11 U.S.C. § 702 or 11 U.S.C. § 1104.

### IV. CONCLUSION.

Based upon the foregoing, Kidz respectfully requests that this Court either convert this Case to a proceeding under Chapter 7 or provide for the appointment of a Chapter 11 Trustee, pursuant to an election process.

DATED this 16th day of September, 2009.

**JABURG & WILK, P.C.**

/s/Jonathan P. Ibsen
Scott J. Richardson
Jonathan P. Ibsen
Attorneys for Kidz-Idz, Inc.

3

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

**ORIGINAL Electronically FILED** and
**COPY** of the foregoing emailed/mailed this
16th day of September, 2009 to:

Daniel E. Garrison, Esq.
James L. Ugalde, Esq.
Law Offices of Daniel E. Garrison, PLLC
7114 E. Stetson Dr., Ste. 300
Scottsdale, AZ 85251
Email: dan@andantelaw.com
Email: jim@andantelaw.com

Philip R. Rupprecht
D. Lamar Hawkins
AIKEN SCHENK HAWKINS & RICCIARDI P.C.
4742 N. 24th Street, Suite 100
Phoenix, AZ 85016-4859
prr@ashrlaw.com
dlh@ashrlaw.com
*Attorneys for Aiken Schenk Hawkins & Ricciardi P.C.*

Office of the U.S. Trustee
230 N. First Avenue, Ste. 204
Phoenix, AZ 85003

Richard J. Cuellar
P.O. Box 36170
Phoenix, AZ 85067-6170

/s/Andrina Hughes
Andrina Hughes

Jaburg & Wilk, P.C.
Attorneys At Law
3200 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000