Robert J. Miller, Esq. (#013334)
Kyle S. Hirsch, Esq. (#024155)
**BRYAN CAVE LLP**
Two North Central Avenue, Suite 2200
Phoenix, Arizona 85004-4406
Telephone: (602) 364-7000
Facsimile: (602) 364-7070
Internet: rjmiller@bryancave.com
kyle.hirsch@bryancave.com

Attorneys for P. Gregg Curry, Chapter 11 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>BBZ RESOURCE MANAGEMENT, INC., a Wyoming corporation,<br><br>Debtor. | Case No. 2:09-bk-14825-CGC<br><br>Chapter 11<br><br>**SUPPLEMENTAL APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF THE DOYLE FIRM AS SPECIAL LITIGATION COUNSEL FOR THE BANKRUPTCY ESTATE**<br><br>Hearing Date: N/A<br>Hearing Time: N/A |

This Supplemental Application is submitted by P. Gregg Curry, in his capacity as the Chapter 11 Trustee ("Trustee") for BBZ Resource Management, Inc., a Wyoming corporation, the debtor in this Chapter 11 case ("Debtor"), by and through counsel undersigned.

The Trustee filed its Application For An Order Authorizing And Approving The Employment Of The Doyle Firm As Special Litigation Counsel For The Bankruptcy

BRYAN CAVE LLP
TWO NORTH CENTRAL AVENUE, SUITE 2200
PHOENIX, ARIZONA 85004-4406
(602) 364-7000

Estate on December 31, 2009 at Docket Entry #122 ("Initial Application"), which Initial Application is incorporated herein by this reference. The Initial Application sought the Court's approval for the Trustee's retention of THE DOYLE FIRM, P.C. ("Doyle Firm") as special litigation counsel for the estate, specifically in connection with Adversary Proceeding No. 09-922 pending in this Court ("Adversary Proceeding"). The Court entered an order approving the Initial Application on January 4, 2010 at Docket Entry #125.

By and through this Supplemental Application and the <u>Verified Statement Of William H. Doyle In Support Of The Supplemental Application For An Order Authorizing and Approving The Employment Of The Doyle Firm As Special Litigation Counsel For The Bankruptcy Estate</u> ("Statement"), which Statement is incorporated herein by this reference, the Trustee requests that the Court expand the scope of its approval of the Doyle Firm's retention to include not only the Adversary Proceeding, but pursuing the recovery of claimed avoidable transfers as directed by the Trustee.

In support of this Supplemental Application, the Trustee submits as follows:

1. Subject to approval by this Court, the Trustee has made arrangements for the employment of the Doyle Firm as special litigation counsel for the estate in connection with the estate's pursuit of the recovery of claimed avoidable transfers, for professional compensation of the Doyle Firm for services rendered in connection with its representation of the estate pursuing such recovery, and for reimbursement of the Doyle Firm's costs incurred in connection with its representation of the estate in pursuing such recovery. The Doyle Firm has agreed to accept payment of its fees incurred in connection with the legal services rendered on behalf of the estate on a contingency fee basis, consisting of thirty-three percent (33%) of any net recovery by the estate. Accordingly, to the extent the estate nets no recovery with respect to any specific avoidance claim, the Doyle Firm is entitled to collect no professional fees from the estate with respect to such claim.

659852[0304760]

2. To the extent necessary to establish the reasonableness of the Doyle Firm's fees incurred in pursuing the recovery of claimed avoidable transfers on behalf of the estate, the Doyle Firm's professionals will track their hours worked in performing legal services on behalf of the estate, as set forth in the Initial Application. The Doyle Firm will charge for and seek reimbursement for its costs in connection with pursuing the recovery of claimed avoidable transfers on behalf of the estate as set forth in the Initial Application. Applications for reimbursement to the Doyle Firm for its costs incurred will be considered and treated as requests for payment of administrative claims of the estate.

3. To the best knowledge of the Trustee, the Doyle Firm does not have any connections with the Debtor or its estate, its creditors, any other parties in interest, or their respective attorneys and accountants, other than as stated in the Statement. Furthermore, the information disclosed by the Doyle Firm in the Statement does not preclude the Doyle Firm from representing the estate in any potential avoidance action under applicable law and ethical rules.

4. In accordance with 11 U.S.C. §§ 327 and 330, the Doyle Firm does not, in this case, represent any other entity which has any adverse interest herein, and the Doyle Firm will not represent any such entity in this Chapter 11 case during the Doyle Firm's employment as special litigation counsel for the estate.

659852[0304760]

WHEREFORE, the Trustee respectfully requests that the Court approve this Supplemental Application and enter an Order approving the expanded scope of the retention of the Doyle Firm as counsel the estate to include prosecution of avoidance actions under the terms set forth herein.

RESPECTFULLY SUBMITTED this 16th day of February, 2010.

BRYAN CAVE LLP

By: /s/ KSH #024155
Robert J. Miller
Kyle S. Hirsch
Two North Central Avenue, Suite 2200
Phoenix, AZ 85004-4406

Attorneys for P. Gregg Curry, Chapter 11 Trustee

COPY of the foregoing served via *e-mail* this 16th day of February, 2010 upon:

Richard Cuellar
U. S. Trustee's Office
230 N. 1st Ave.
Suite 204
Phoenix, AZ 85003-1706
Email: ric.j.cuellar@usdoj.gov

BBZ Resource Management Inc
ATTN: Fay Waldo
4710 E Falcon Dr., Ste 110
Mesa AZ 85215
Email: fay@incentiveinternational.com

/s/ Corkey C. Beckstead

659852[0304760]